**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KHJIM JENNETTE,

                    Plaintiff,

          v.

UNITED PARCEL SERVICE, INC.

                    Defendant.

Case No.: 22-CV-10783

**COMPLAINT**

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through her attorneys, Danny Grace PLLC, as and for her Complaint in this action against Defendant United Parcel Service, Inc. (the "Company" or "UPS") alleges upon personal knowledge and upon information and belief as to the matters at issue in this lawsuit as follows:

**NATURE OF THE CLAIMS**

1.      This action is an action for declaratory, injunctive, equitable relief, as well as monetary damages to redress Defendant's unlawful employment practices against Plaintiff, including discriminatory and retaliatory treatment of Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et. Seq. ("Title VII"); the New York State Human Rights Law, New York Executive Law §§ 290 et. Seq. ("NYSHRL"); and the New York City Human Rights Law, New York Administrative Code §§ 8-101 et seq. ("NYCHRL").

2.      Defendant, its owners, managers, and employees decided, unlawfully and recklessly, to treat Plaintiff in a discriminatory manner based on her religion. After she engaged in protected activities by requesting a reasonable accommodation based on her

1

religious faith and appealed Defendant's denial of her request, Defendant retaliated against her and terminated Plaintiff absent any other cause.

3.      Defendant's conduct was knowing, malicious, willful and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, and severe mental anguish and distress.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII pursuant to 42 U.S.C. §§ 2000e et. Seq.

5.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391, because Defendant regularly transacts business in the district and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEDURAL REQUIREMENTS

8.      Prior to the filing of this Complaint, on April 25, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging a violation of Title VII. Plaintiff's EEOC charge arises from the same facts alleged herein.

9.    On September 27, 2022, Plaintiff received a Right to Sue Letter from the EEOC, dated September 27, 2022.

10.   This Complaint has been filed within 90 days of Plaintiff's receipt of the Right to Sue Letter.

11.   Contemporaneous with the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§ 8-502 of the New York City Administrative Code.

12.   Plaintiff forwarded a copy of the Complaint to the Attorney General of the State of New York in accordance with NYLL § 215(2).

13.   Any and all other prerequisites to the filing of this suit have been met.

## **PARTIES**

14.   Plaintiff Khjim Jennette is an individual who resides in and is a citizen of the State of New York.

15.   Plaintiff is a former employee of Defendant and was employed as a UPS Capital Administrative Assistant III/Customer Service Representative since June 11, 2018, for the Parcel Pro group.

16.   Plaintiff's workplace was one of Defendant's New York offices, located at 19 West 44th Street, New York, NY 10036.

17.   Defendant United Parcel Service, Inc. is a company headquartered in Sandy Springs, Georgia. Defendant is a national shipping service and supply chain management company, and Defendant regularly transacts business in New York State.

18.     Defendant has more than 10,000 employees. At all relevant times herein, Defendant was Plaintiff's direct employer.

## FACTUAL ALLEGATIONS

19.     On or around June 11, 2018, Plaintiff began her employment with Defendant as a UPS Capital Administrative Assistant III and Customer Service Representative ("Administrative Assistant III") and continued in this role until her unlawful termination.

20.     Upon information and belief, UPS Capital is a financial subsidiary or division of Defendant.

21.     Plaintiff's starting hourly rate was $20.00, and her hourly rate was raised to $22.37 by the time of her unlawful termination.

22.     As an Administrative Assistant III, Plaintiff's main job duties were to address questions posed by Defendant's potential and existing customers. Plaintiff communicated with potential and existing customers through email, telephone and/or online regarding their concerns about their shipment.

23.     Plaintiff's main job duties also included providing white glove service, including scheduling pickups and deliveries for high value shipments, i.e., gold, diamonds, precious gems, and watches.

24.     At all relevant times, the shipment services provided at Defendant's 19 West 44th Street, New York, NY 10036 location were for high value shipments for jewelers in New York City.

25.     The office in which Plaintiff worked was secured by an electronic locking system and could only be accessed by buzzing in. No customers were allowed in the office.

26.     Plaintiff was also responsible for insurance approvals and communicated with customers and/or other colleagues by email or telephone.

27.     Plaintiff's position did not require physical contact or in-person meetings with any potential or existing customers, or Plaintiff's colleagues, supervisors, and managers, even before the onset of the Covid-19 Pandemic.

28.     Plaintiff's Manager was in fact located in the State of California.

29.     None of Plaintiff's job duties required her physical presence in the office, and thus working onsite was not required to perform the essential functions of Plaintiff's position.

30.     Beginning March 2020, Defendant encouraged its employees, including Plaintiff, to work from home.

31.     Plaintiff worked from home three (3) days per week for Defendant from March 2020 to June 2020, and Plaintiff began to fully work from home in June 2020.

32.     On August 11, 2021, Defendant issued a new company policy requiring all corporate employees to receive the Covid-19 mRNA or viral vector DNA vaccine.

33.     Upon information and belief, the mandate only applied to corporate employees at certain locations which accounted for perhaps ten percent (10%) of Defendant's approximately 543,000 employees, globally.

34.     Pursuant to this policy, all employees had to receive a first dose of the two-shot vaccine on or before September 7, 2021 and receive a second dose by October 10, 2021.

35.     Plaintiff is a Muslim and has been her entire life.

36.     One of the tenets of Plaintiff's religious beliefs is that she is not permitted to eat pork.

37.     It has been Plaintiff's belief her entire life, and it is the teaching of her religion, that these vaccines and most others are preserved by using gelatin[1] and MRC-5[2]. Plaintiff advised Defendant of these closely held religious beliefs.

38.     Plaintiff believed that she would be violating her religious beliefs by taking the vaccine.

39.     On or about August 26, 2021, Plaintiff requested a reasonable accommodation based on her religious beliefs.

40.     Plaintiff's proposed reasonable accommodation consisted of continuing to work from home, or alternatively, Plaintiff would have worked onsite without being vaccinated, but subject to mandatory Covid-19 testing on a daily, weekly, or bi-weekly basis.

41.     Plaintiff's request was reasonable as Plaintiff had already worked from home since March 2020.

42.     Plaintiff's request did not result in any undue hardship to Defendant's business because Plaintiff could perform the essential functions of her job duties working from home or in the office, subject to Covid-19 testing.

43.     Defendant never performed an interactive process with Plaintiff to address her request for a reasonable accommodation based on her religious beliefs.

44.      On September 3, 2021, Defendant summarily denied Plaintiff's request without conducting an interactive process with Plaintiff as required by law.

45.     Defendant also never requested that Plaintiff submit religious materials describing her beliefs.

---

[1] Gelatin is a collection of peptides and proteins produced by partial hydrolysis of collagen extracted from the skin, bones, and connective tissues of animals such as domesticated cattle, chicken, pigs, and fish.
[2] MRC-5 (Medical Research Council cell strain 5) is a diploid cell culture line composed of fibroblasts, originally developed from the lung tissue of a 14-week-old aborted Caucasian male fetus.

46.     Originally, the Religious Accommodation policy could be found on Defendant's Website, Frequently Asked Questions (The "FAQ"): Medical Accommodations and Religious Accommodations.

47.     The FAQ directed employees, including Plaintiff, to appeal the denial of an accommodation request. However, an employee of Defendant emailed Plaintiff on September 3, 2021, and directed her to not reply to the denial email and to wait for further action.

48.     The direction to not respond to the email was against Defendant's own stated policy regarding religious accommodations relating to the Covid-19 vaccination.

49.     When Plaintiff then tried to find the FAQ, it was no longer available on Defendant's website.

50.      Defendant failed to provide a consistent and practical policy for their employees to follow regarding making a request for a reasonable accommodation, by way of an exemption from Defendant's mandatory Covid-19 vaccination policy.

51.     Plaintiff did not receive a response from her management team, and thus, on September 13, 2021, Plaintiff inquired about the appeal process regarding the denial of her accommodation.

52.     On September 13, 2021, Defendant agreed to Plaintiff's request to work from home stating "[m]anagement will follow up with you but you can work from home right now if you were not fully vaccinated."

53.     On and around September 15, 2021, Plaintiff appealed Defendant's denial in accordance with Defendant's policy.

54.     At the behest of Defendant, Plaintiff filed another request for a reasonable accommodation based on her religious beliefs. Plaintiff also filed a second appeal at the direction of her supervisor.

55.     On September 20, 2021, Defendant denied Plaintiff's request for a reasonable accommodation without engaging in any interactive process as required by related laws.

56.     On September 24, 2021, Defendant informed Plaintiff, for the first time, that the prior instruction she had been given was wrong and directed Plaintiff to appeal Defendant's denial through the Employee Dispute Resolution ("EDR") process.

57.     On the same date, Plaintiff informed Defendant that she would like to submit the EDR and inquired about the right way to file the form so as to ensure that her appeal would be handled timely, as the effective date of Defendant's mandatory vaccination policy was on or about October 11, 2021.

58.     On September 28, 2021, Defendant directed Plaintiff to contact the EDR administrator and submit the EDR form.

59.     On or around September 28, 2021, Plaintiff submitted the EDR form based on Defendant's guidance.

60.     Plaintiff submitted three (3) requests for detailed information on the appeal process and received two (2) denials from Defendant's GEO Service Supervisor.

61.     On September 28, 2021, at approximately 10:13 a.m., Defendant's GEO Service Supervisor approved Plaintiff's accommodation and permitted her to work from home pending the approval of management.

62.     Defendant further informed Plaintiff that her manager was out of the office until October 4, 2021. Thus, no decision was made until October 4, 2021.

63.     On September 28, 2021, at approximately 2:12 p.m., Defendant denied Plaintiff's request for a reasonable accommodation without conducting an interactive process, and informed Plaintiff that her request would pose unsubstantiated undue hardship to the Company.

64.     On October 5, 2021, Defendant notified Plaintiff that her EDR request had been approved and directed her to contact the EDR Facilitator to begin the EDR process.

65.     The EDR Facilitator investigated Plaintiff's appeal without talking to Plaintiff. On October 7, 2021, the EDR Facilitator informed Plaintiff that an investigation was conducted and that her application was denied.

66.     When Plaintiff asked why her appeal was denied and why an investigation was conducted without speaking to her, Plaintiff was told that management would contact her in the next few days.

67.     On or about October 8, 2021, a Zoom meeting was scheduled to be held on October 11, 2021.The ostensible purpose of the meeting was to address Plaintiff's appeal.

68.     Plaintiff, Defendant's Human Resources Supervisor, Defendant's Customer Relations Manager (Plaintiff's Manager) and Defendant's Division Manager participated in the Zoom meeting. All of them, except Plaintiff were located in Torrance, California.

69.     During the meeting, Defendant terminated Plaintiff, effective immediately, without any prior notice or discussion of Plaintiff's request for a reasonable accommodation, the denial of that request, or Plaintiff's appeal.

70.     Defendant alleged that the reasons for Defendant's denial of Plaintiff's requested accommodation was that Defendant's Division Manager required all individuals employed in the position of Administrative Assistant III, including Plaintiff, to return to the office and that all

employees had to be vaccinated. Such an allegation was in direct conflict with their own denial email of September 28, 2021.

71.     At all relevant times, Defendant never engaged in an interactive process regarding Plaintiff's suggested reasonable accommodation of performing daily or weekly Covid-19 tests when coming to the office.

72.     Plaintiff's inquiry as to why her requested reasonable accommodation would cause undue hardship to Defendant, especially considering Plaintiff offered to take mandatory, daily or weekly, Covid-19 tests at her own expense, was not responded to.

73.     At the time of her wrongful termination, Plaintiff was highly qualified for her position.

74.     Approval of Plaintiff's request for a reasonable accommodation would not have resulted in undue hardship to Defendant.

75.     Of the seven (7) employees within Plaintiff's group, each of whom held a similar position to Plaintiff's, only Plaintiff requested a vaccination exemption.

76.     Plaintiff's Manager was located in the State of California and the communications between Plaintiff and her manager were remote.

77.     Plaintiff's direct supervisor supported Plaintiff's request to work remotely.

78.     On September 7, 2021, one (1) employee returned to work without having been vaccinated and was not challenged by Defendant.

79.     On October 11, 2021, Plaintiff complained that the decision to terminate her was discriminatory and retaliatory.

80.     Defendant conducted an investigation of Plaintiff's complaint of discrimination and

retaliation, and in January 2022, Defendant provided Plaintiff with the investigation results, where

it was found that Plaintiff was not subject to discrimination or retaliation.

81.     This Complaint ensues.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII)

82.     Plaintiff hereby repeats and realleges each and every allegation in each of the

preceding paragraphs as if fully set forth herein.

83.     Plaintiff's religious beliefs prohibit her from receiving the Covid-19 vaccination.

84.     Defendant had knowledge of Plaintiff's religion when she requested a reasonable

accommodation.

85.     Defendant discriminated against Plaintiff by refusing to perform an interactive

process as required by law when Plaintiff made a request for a reasonable accommodation, that is,

for an exemption from taking the Covid-19 vaccinations.

86.     Defendant also discriminated against Plaintiff by failing to provide a reasonable

accommodation to Plaintiff, and such accommodation would not have resulted in undue hardship

to Defendant.

87.     Defendant further discriminated against Plaintiff by failing to provide timely

guidance regarding the appeal process, and ultimately terminating Plaintiff unlawfully.

88.     Plaintiff could perform the essential functions of her job duties with or without the

reasonable accommodation.

89.     Plaintiff was highly qualified for her position when she was wrongfully terminated.

90.     As a direct and proximate result of Defendant's unlawful and discriminatory

conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or

economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

91.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

92.     Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
**(Retaliation in Violation of Title VII)**

93.     Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

94.     Plaintiff engaged in a protected activity by requesting a reasonable accommodation based on her religious beliefs.

95.     Defendant retaliated against Plaintiff in violation of Title VII by failing to provide guidance regarding the appeal process for Defendant's denial of Plaintiff's request for a reasonable accommodation.

96.     Defendant retaliated against Plaintiff in violation of Title VII by terminating Plaintiff.

97.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic

damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

98.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

99.     Defendant's unlawful retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of NYSHRL)

100.    Plaintiff repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

101.    Plaintiff's religious beliefs prevent her from taking the Covid-19 vaccination, as required by Defendant's vaccination policy.

102.    The accommodation that Plaintiff requested was reasonable and did not result in undue hardship to Defendant.

103.    Defendant discriminated against Plaintiff by refusing to conduct an interactive process as required by law and to provide a reasonable accommodation for Plaintiff's religious beliefs.

104.    Defendant also discriminated against Plaintiff by denying Plaintiff's request without any further inquiry.

105.    Defendant also discriminated against Plaintiff by failing to provide timely guidance

regarding the appeal process, and ultimately terminating Plaintiff unlawfully.

106.    Plaintiff could perform the essential functions of her job duties with the reasonable

accommodation.

107.    At the time of her termination, Plaintiff was qualified for her position.

108.    As a direct and proximate result of Defendant's unlawful and discriminatory

conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or

economic damages, including but limited to loss of past and future income, compensation and

benefits, for which she is entitled to an award of monetary damages.

109.    As a direct and proximate result of Defendant's unlawful and discriminatory

conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental

anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and

suffering for which she is entitled to an award of monetary damages and other relief.

110.    Defendant's unlawful and discriminatory conduct in violation of the NYSHRL was

outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard

of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of NYSHRL)

111.    Plaintiff repeats and realleges each and every allegation in each of the preceding

paragraphs as if fully set forth herein.

112.    Plaintiff engaged in protected activities by requesting a reasonable accommodation

because of her religious faith.

113.    In response, Defendant retaliated against Plaintiff by failing to provide guidance for the appeal process and by terminating Plaintiff's employment with Defendant.

114.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

115.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

116.    Defendant's unlawful and retaliatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of NYCHRL)

117.    Plaintiff repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

118.    Plaintiff's religious beliefs prevented her from taking the Covid-19 vaccines as required by Defendant.

119.    Plaintiff timely-requested a reasonable accommodation of continuing to work from home.

120.    Plaintiff could perform the essential functions of her job duties with a reasonable accommodation.

121.    Defendant discriminated against Plaintiff by refusing to conduct an interactive process as required by law and failing to provide a reasonable accommodation.

122.    Defendant also discriminated against Plaintiff by terminating Plaintiff's employment.

123.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

124.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

125.    Defendant's unlawful and discriminatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of NYCHRL)

126.    Plaintiff repeats and realleges and each and every allegation in each of the preceding paragraphs as if fully set forth herein.

127.    Requesting a reasonable accommodation, an exemption from having to receive the Covid-19 vaccination, based on Plaintiff's religious beliefs constitutes a protected activity as defined by the NYCHRL.

128.    Appealing Defendant's denial of Plaintiff's request for a reasonable accommodation is also a protected activity under NYCHRL.

129.    Defendant retaliated against Plaintiff in violation of NYCHRL by, *inter alia*, failing to provide timely guidance regarding the appeal process and terminating Plaintiff's employment with Defendant.

130.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

131.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

132.    Defendant's unlawful and retaliatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A.    Damages in an amount to be proved at trial, together with interest;

B.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

C.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and any other physical or mental injuries.

D.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

E.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law;

G.      An award of punitive damages; and

H.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Dated: December 21, 2022
        New York, New York                          Respectfully submitted,

18

DANNY GRACE PLLC
*ATTORNEYS FOR PLAINTIFF*
225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
(516) 748-9848


_____/S/_____

DANIEL GRACE
YUTING LI