

# DANNY GRACE PLLC
### ATTORNEYS AND COUNSELORS AT LAW

Writer's email: yuting@dannygracepc.com
Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
212.202-2485
718-732-2821 FAX

Hon. Dale E. Ho
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Plaintiff shall file a letter, not to exceed three (3) pages, in response by February 1, 2024.** Such letter shall describe Defendant's efforts to diligently complete discovery by Court-ordered deadlines.

The Clerk of Court is respectfully requested to close ECF No. 32.

SO ORDERED.

**Re:** *Khjim Jennette v United Parcel Service, Inc.,*
 1:22-cv-10783 - DEH

Dear Judge Ho:

Dale E. Ho
United States District Jugde
Dated: January 30, 2024
New York, New York

We represent the Plaintiff, Khjim Jennette, in the above-referenced matter. We write to respectfully request a conference to address Defendant's failure to comply with its discovery obligations and Plaintiff's anticipated motion to compel in accordance with Section 4.j of your Honor's Individual Practice and the Local Civil Rule 37.2. Plaintiff also respectfully requests an extension of the deadline for the Parties to complete depositions and fact discovery *sine die* until the Parties have resolved the discovery dispute. Plaintiff's Counsel is currently available for a conference from 10:00 a.m. to 1:00 p.m. on February 2 and 5, 2024, and generally available on February 6, 2024. **Plaintiff's Efforts to Amicably Resolve the Discovery Disputes.** Plaintiff tried to amicably resolve the discovery disputes with Defendant to no avail. On August 3, 2023, Plaintiff served Defendant with her first set of discovery demands. On October 17, 2023, Defendant responded to Plaintiff's discovery demands and refused to produce responsive documents. Defendant's given reason for such refusal is that Plaintiff's discovery demands are overly broad and unduly burdensome.

On November 2, 2023, the undersigned had the first meet and confer with Defendant's counsel and informed her that Defendant's response to Plaintiff's first discovery demands is not acceptable and failed to perform their discovery obligations in good faith. Defendant refused to cure their deficiencies, and thus, on November 30, 2023, Plaintiff served Defendant with "Defendant's

**DANNY GRACE PLLC**
ATTORNEYS AND COUNSELORS AT LAW

Writer's email: yuting@dannygracepc.com
Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
212.202-2485
718-732-2821 FAX

Deficiencies in Response to Plaintiff's First Set of Discovery Demands" ("Plaintiff's Deficiency Letter"). *See*, **Exhibit 1**.

Plaintiff did not receive a response from Defendant as to Plaintiff's deficiency letter. On December 18, 2023, the undersigned followed up to no avail. Thus, on December 21, 2023, Plaintiff followed up again, and requested a second meet and confer.

On December 28, 2023, the Parties met and conferred over the phone for the second time. Regarding Defendant's allegation that Defendant was not the employer of the Plaintiff, and that UPS Capital Insurance Agency ("UPS Capital") was Plaintiff's former employer. The undersigned recommended adding UPS Capital and UPS of America, Inc. as Defendants as they are likely liable under the single employer theory. On January 11, 2024, Defendant rejected the undersigned's proposal and insisted that Defendant should be dismissed from this action because Defendant is not Plaintiff's former employer. The parties confirmed that they have reached an impasse, and a third meet and confer would not resolve the discovery disputes.

### B. Parties' Position on the Discovery Disputes
#### 1. Plaintiff's Position

Plaintiff respectfully requests that Defendant supplement their response to Plaintiff's first demand and cure the deficiencies as listed in Plaintiff's Deficiency Letter and to have Defendant's Answers to Plaintiff's First Set of Interrogatories, dated October 17, 2023, notarized per Fed. R. Civ. P. 33[1]. As to Defendant's defense that Plaintiff's discovery demands are overly broad and unduly burdensome, such a general objection fails to specifically describe why those objections are applicable

---

[1] Alternatively, Plaintiff requests leave to amend her First Amended Complaint to add UPS Capital Agency and UPS of America, Inc. as Defendants. Defendant does not consent to such proposal and refuses to supplement their discovery responses, including providing evidence to demonstrate the relationship between those three companies.

2

**DANNY GRACE PLLC**
ATTORNEYS AND COUNSELORS AT LAW

Writer's email:    yuting@dannygracepc.com
Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
212.202-2485
718-732-2821 FAX

to Plaintiff's discovery demands. A party resisting discovery has the burden of showing "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive…by submitting affidavits or offering evidence revealing the nature of the burden." Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984); *see also*, Jacoby v. Hartford Life Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009) (ruling that "boilerplate objections that include unsubstantiated claims of undue burden, over breadth…" while producing "no documents and answer[ing] no interrogatories… are a paradigm of discovery abuse.").

With regard to Defendant's defense that Defendant was not Plaintiff's former employer, this is not true. Defendant could be Plaintiff's direct employer as Defendant admitted in their response that UPS Capital Agency is a division of Defendant[2]. Alternatively, Defendant is liable under the single employer doctrine[3]. Further, Plaintiff requests that Defendant produce documents to indicate the relationship between Defendant and UPS Capital Agency from a financial perspective as well as with regard to control of labor relations.

   2. **Defendant's Position**
Defendant was not Plaintiff's former employer, that Defendant should be dismissed from this action, and that therefore Defendant should not have to produce any responsive documents. *See*, **Exhibit 2**.

---

[2] In response to Interrogatory 16 of Plaintiff's First Set of Interrogatories, dated October 17, 2023, Defendant admits that UPS Capital Insurance Agency is a division of UPS that provides shipping insurance to UPS customers. Refer to https://about.ups.com/us/en/home.html, last visit at 4:39 p.m. January 25, 2024).

[3] For the same legal issue, in Foster v. United Parcel Serv. of Am., Inc., No. 18-CV-10294(NSR)(AEK), 2023 WL 4549316, at *5 (S.D.N.Y. July 14, 2023), this Court denied Defendant's motion to dismiss and found that "Plaintiff has adequately pled a single employer relationship such that his claims against [United Parcel Service of America, Inc.] survive the instant motion to dismiss."

3

# DANNY GRACE PLLC
ATTORNEYS AND COUNSELORS AT LAW

Writer's email: yuting@dannygracepc.com
Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
212.202-2485
718-732-2821 FAX

We are thankful for the Court's consideration.

Dated: January 29, 2024

Respectfully,

_____/s/_____

Yuting Li, Esq.
Danny Grace PLLC
225 Broadway, Suite 1200
New York, NY 10007
(212) 202-2485
*Attorneys for Plaintiff Khjim Jennette*

CC: Counsel of Record (by ECF)

4