

Legal Counsel.

Brooke Poling
255 E. Fifth St., Suite 1900
Cincinnati, OH 45202
513-832-5420 (direct)
Brooke.Poling@dinsmore.com

March 5, 2024

Hon. Dale E. Ho
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Khjim Jennette v United Parcel Service, Inc.*, **1:22-cv-10783 - DEH**

Dear Judge Ho:

On March 1, 2024, Plaintiff submitted a Letter Motion to this Court requesting clarification of the Court's February 6, 2024 Order. (Doc. 38) This Letter serves as Defendant, United Parcel Service, Inc.'s ("UPS"), response thereto.

UPS's understanding of the February 6, 2024 hearing is that Plaintiff would provide the names of her medical providers and vaccination records from 2015 to the present. Additionally, that Plaintiff would provide the names of any and all post-UPS Capital[1] employers. UPS did not agree not to contact any such employers absent Plaintiff's permission. In fact, the Court specifically stated that the issue of whether UPS could contact the employer was not before it, and thus, the Court did not address it. The undersigned communicated this to Plaintiff's counsel on February 9, 2024. UPS further recalls discussion during the hearing that UPS is within its right to subpoena Plaintiff's post-UPS Capital employers, and that Plaintiff is within her right to challenge any such subpoena. Notwithstanding these facts, Plaintiff's counsel has refused to abide by the Court's order and provide the names of her post-UPS Capital employers.

---

[1] Plaintiff was employed by UPS Capital Insurance Agency – not United Parcel Service, Inc. Accordingly, Defendant's use of the phrase "post-UPS Capital" refers to UPS Capital Insurance Agency.

UPS's intent in seeking discovery related to Plaintiff's post-UPS Capital employers is not to harass or otherwise jeopardize her current employment. Rather, it is to obtain discoverable information including, but not limited to, her post-UPS Capital earnings, when she applied for new employment, when she was hired, her stated reasons for leaving UPS/seeking new employment, whether she has been disciplined affecting her mitigation efforts, whether she has refused promotions or been demoted affecting her mitigation efforts, and whether her current employer requires vaccination and if she complied with any such requirement or told them that she complied.

The information sought by UPS fits within the broad scope of discovery under Federal Rule of Procedure 26 as it is factually relevant to Plaintiff's claims and UPS's defenses. *See Condit v. Dunne*, 225 F.R.D. 100, 105, 2004 U.S. Dist. LEXIS 24777, *13 (S.D.N.Y. 2004) (stating that "[a]lthough not unlimited, relevance, for purposes of discovery, is an extremely broad concept.") Plaintiff's concern that her current employer may be alerted to this action is a natural risk of litigation that does not erase UPS's right to discoverable information. *See Sherman v. Fivesky, LLC*, 2020 U.S. Dist. LEXIS 157998, *17, 2020 WL 5105164 (S.D.N.Y. 2020) (citing *Sparks v. Breese*, 2014 U.S. Dist. LEXIS 178212, 2014 WL 7403382, at *9 (D. Colo. Dec. 29, 2014) ("Calling a potential employer to indicate that the potential employee filed a claim against her former employer is very different from seeking discovery from a former employee's new employer[.]"); *See also Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (noting that plaintiff's concern for his current employment did not warrant denying defendant discovery into plaintiff's subsequent employment information.) Simply put, Plaintiff filed the present case and put her medical records, including vaccination history, and employment records at issue.[2]

---

[2] Moreover, Plaintiff's position that she will provide the name if UPS agrees to pay Plaintiff one year of her current salary should she lose her job is ridiculous and UPS does not agree to it.

UPS cannot rely on Plaintiff's proposition on this issue because Plaintiff could simply deny it permission to contact her current employer, and then UPS is left without the relevant information it seeks. She is not the gatekeeper of this information. *See Handwerker*, 211 F.R.D. at 209 (stating that plaintiffs cannot "unilaterally [] impose limits on the proper bounds of inquiry into relevant personal matters during pre-trial discovery[.]") Considering Plaintiff's opposition to simply providing the name of her employer, UPS considers this to be a very real possibility. Accordingly, UPS is asking that Plaintiff be ordered ***for a second time*** to provide the name of her current employer so that UPS can seek discovery in the normal course of litigation. To be certain, UPS has no intention at this time of discussing Plaintiff or the underlying facts of this litigation with her current employer.

Therefore, UPS's understanding of the Parties' February 6, 2024 hearing with this Court differs from Plaintiff's, as described above. To that end, UPS requests that Plaintiff be instructed to follow the Court's prior order to provide to the name of her current employer, which she claims is her only post-UPS Capital employer. Furthermore, UPS requests sanctions against Plaintiff for causing the Parties to re-litigate this issue. This matter was discussed at length on February 6, 2024 and the Court's directive clearly stated "Plaintiff shall provide Defendant a list of all employers since being employed by UPS Capital Insurance Agency ("UPS Capital")." (Doc. 36). In an attempt to dodge that Order, Plaintiff is forcing the Parties and this Court to expend further resources and time on an issue that has already been decided.

Respectfully submitted,

*/s/ Christopher Jones*
Christopher Jones (*pro hac vice*)
Brooke Poling (*pro hac vice*)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Tel:  (513) 832-5420
Fax: (513) 977-8141
Christopher.Jones@Dinsmore.com
Brooke.Poling@dinsmore.com

*Attorneys for Defendant*

CC: Counsel of Record (by ECF)

The Court construes this letter as a motion to compel and as a motion for sanctions. Application GRANTED IN PART AND DENIED IN PART.

Defendant's motion to compel is granted.  Plaintiff shall provide Defendant a list of all employers since being employed by UPS Capital Insurance Agency by **March 8, 2024**.

Defendant's application for sanctions against Plaintiff is denied.

The Clerk of Court is respectfully requested to close ECF No. 39.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: March 6, 2024
New York, New York