UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHJIM JENNETTE,

                Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

                Defendant.

22 Civ. 10783 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

    On April 22, 2024, Plaintiff filed a letter requesting a conference or for the Court to issue, among other things, an order compelling Defendant to produce various documents related to United Parcel Service, Inc. ("UPS"), UPS Capital Insurance Agency, and other entities. *See* Pl.'s Letter-Motion, ECF No. 49. On April 25, 2024, Defendant filed a letter in response. *See* Def.'s Letter, ECF No. 51. Defendant objects to the production of these documents because the requests are overly broad and unduly burdensome, and involve information from entities not party to this lawsuit. *Id.*; Def.'s Objections 3, ECF No. 49-2. Defendant also requests that the Court strike from the record its EEOC Position Statement, ECF 49-7, which Plaintiff submitted in connection with its motion to compel. *See* Def.'s Letter 3.

    For the reasons stated below, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Defendant's request to strike ECF 49-7 and related statements is **DENIED**.

    The Court held a conference on February 6, 2024, regarding similar discovery disputes, including whether Defendant would provide discovery production for UPS Capital. During the February 6, 2024 conference, Defendant agreed to provide information related to UPS Capital

because it was Plaintiff's "actual former employer."  The Court then instructed Defendant to "provide documents related to UPS Capital."  See ECF No. 36.

Plaintiff now seeks documents relating to the history of all discriminatory and retaliatory employment practices and all Covid-19 policy accommodation requests from UPS, UPS Capital, UPS Capital Insurance Agency, and UPS Parcel Pro.  See Pl.'s Letter-Motion 2.  Plaintiff states that employees from United Parcel Service, Inc., UPS Capital Insurance Agency, UPS Capital, and UPS Parcel Pro, were involved in the decision to deny Plaintiff's accommodation request and ultimately, Plaintiff's termination.  Id.  Plaintiff also requests that Defendant produce documents relating to the relationships between Defendant UPS, UPS of America, UPS Capital, UPS Capital Insurance Agency, and UPS Parcel Pro.  Pl.'s Letter-Motion 2.

In its response letter, Defendant objected to Plaintiff's document requests related to "entities other than Plaintiff's employer, UPS Capital Insurance Agency."  Def.'s Letter 2.  Defendant has offered to produce an affidavit outlining the corporate relationship between Defendant United Parcel Service, Inc., UPS Capital, UPS Capital Insurance Agency, and UPS Parcel Pro.  Id.  Defendant also requests for the Court to strike from the record its EEOC Position Statement, ECF No. 49-7, as it was produced "for the purposes of conciliation and/or settlement only."  Id. at 3.

"[R]elevance for purposes of discovery . . . is an extremely broad concept."  *Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 176 (S.D.N.Y. Mar. 21, 2022).  The Complaint (ECF No.1) states that Defendant discriminated against her because "Plaintiff's religious beliefs prohibit her from receiving the Covid-19 vaccination."  Compl. ¶ 83.  Under the "extremely broad concept" of relevance, *Europe*, 592 F. Supp. 3d at 176, documents related to employees' requests for a *religious* accommodation exemption from the Covid-19 policy are relevant from

the following entities: UPS Capital Insurance Agency, UPS Capital,[1] and UPS Parcel Pro. Plaintiff provided exhibits to email threads where employees with Parcel Pro and UPS Capital email signatures communicated with Plaintiff regarding her "Religious Accommodation Request." *See* ECF No. 49-3.  Plaintiff alleges, and Defendant did not contest Plaintiff's characterization, that "M. Dumas's email signature lists himself as Customer Relationship Manager, Parcel Pro, a UPS Capital Company, who was Plaintiff's manager." Pl.'s Letter-Motion 2.  Plaintiff's Exhibit 4 also includes a "UPS Capital Compensation Information Sheet" and Plaintiff's "Parcel Pro[,] A UPS Capital Company" employee identification badge.  *See* ECF No. 49-4.  Thus, to the extent that Plaintiff seeks documents pertaining to these various entities, Plaintiff's Requests for Production ("RFPs") Nos. 14, 16, 17, ECF No. 49-1, the motion is **GRANTED IN PART AND DENIED IN PART**.  Accordingly, Defendant shall produce all documents relating to UPS Capital Insurance Agency, UPS Capital,[2] and UPS Parcel Pro concerning their current or former employees' request of an accommodation to be exempted from policies regarding the Covid-19 vaccine from August 11, 2021 to present.

However, to the extent that Plaintiff seeks documents relating to the history of any and all alleged discriminatory and retaliatory employment practices for the past five years (Plaintiff's RFP No. 21), the motion is **DENIED** as overbroad and disproportionate to the needs of the case. Next, to the extent that Plaintiff seeks discovery regarding the relationship between these various entities (including UPS, UPS Capital, UPS Capital Insurance Agency, and UPS Parcel Pro), the motion is **GRANTED IN PART AND DENIED IN PART**.  Defendant shall produce an affidavit explaining the relationship between Defendant United Parcel Service, Inc., UPS of

---

[1] The parties refer to Plaintiff's employer alternatively as "UPS Capital Insurance Agency" and "UPS Capital."  For the avoidance of doubt, the Court lists both entities.
[2] In its letters, the parties refer to Plaintiff's employer interchangeably as "UPS Capital Insurance Agency" and "UPS Capital."  For the avoidance of doubt, the Court lists both entities.

America, UPS Capital Insurance Agency, UPS Capital, and UPS Parcel Pro.  Defendant's affidavit shall confirm Plaintiff's actual former employer.  On the record before the Court, to the extent Plaintiff seeks additional document discovery as to the relationship among these entities, the motion is **DENIED** as overbroad and disproportionate to the needs of the case.

In light of the relief ordered here, Plaintiff's alternative request for leave to amend her complaint is **DENIED** as moot, without prejudice to renewal.

Finally, Defendant requests that ECF No. 49-7 and statements related thereto be stricken from the record, stating that it was produced "consistent with Rule 408 of the Federal Rules of Evidence for purposes of conciliation and/or settlement only."  Def.'s Letter 3.  Because the Court does not rely on this document or references to the document in reaching its decision, Defendant's request is **DENIED** as moot.

The Clerk of Court is respectfully directed to close ECF No. 49.

SO ORDERED.

Dated: May 2, 2024
New York, New York

DALE E. HO
United States District Judge