UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHJIM JENNETTE,<br><br>         Plaintiff,<br><br>     v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>         Defendant. | 22 Civ. 10783 (DEH)<br><br>**<u>ORDER</u>** |

DALE E. HO, United States District Judge:

  On May 22, 2024, Plaintiff filed a letter-motion requesting a conference to address Plaintiff's anticipated motion to quash Defendant's subpoenas and/or directly squash Defendant's subpoenas on Plaintiff's current employer and medical provider. *See* Pl.'s Mot.; ECF No. 53. On May 28, 2024, Defendant file a letter-motion in response. *See* Def.'s Resp., ECF No. 55. For the reasons stated below, Plaintiff's letter-motion is **GRANTED in part and DENIED in part**.

**A. Subpoena on Plaintiff's Current Employer**

  The subpoena to be served on Plaintiff's current employer seeks "any and all documents continued in your employment file for [Plaintiff], . . . including but not limited to application(s) for employment, reference letters, cover letters, notes from interviews, all records pertaining to discipline, all records pertaining to attendance, all records pertaining to compensation and wages, earnings, W-2s, including benefits such as health insurance, retirement benefits, profit sharing, and bonuses, all records pertaining to promotions, all records pertaining to vaccination requirements and compliance, and any and all other records contained in the employment file not itemized above." ECF No. 53-1.

Motions "to quash a subpoena are . . . entrusted to the sound discretion of the district court." *In re Fitch Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (per curiam). "Courts within the Second Circuit have recognized that drawing a present employer into a dispute involving a plaintiff's prior employer can have negative effects on the plaintiff's employment. For this reason, they typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the plaintiff." *Abdelsayed v. New York Univ.*, No. 17 Civ. 9606, 2019 WL 2336533, at *2 (S.D.N.Y. June 3, 2019); *accord Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010) ("[C]ourts within the Second Circuit have recognized that [b]ecause of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort.").

Here, the subpoena to be served on her current employer is premature. Plaintiff is available to answer questions as to her current employment under oath. Plaintiff stated that the requested information could be obtained "through the deposition of the Plaintiff, and that Plaintiff would produce Plaintiff's w2s or other documents to indicate Plaintiff's income since she was terminated by Defendant." Pl.'s Mot. 2 n.3.

At this stage, a deposition appears sufficient to meet Defendant's need for relevant information and would not carry the risk associated with subpoenaing Plaintiff's current employer. Thus, it is a "less burdensome" form of discovery that will not deprive Defendant of information relevant to its defenses. It is therefore **ORDERED** that Plaintiff's letter-motion to quash to be served on Plaintiff's current employer is **GRANTED.**

If, at a later time, the record demonstrates that third-party discovery on Plaintiff's current employer is warranted, Defendant may file a motion seeking leave for such discovery.

## B. Subpoena on Plaintiff's Medical Provider

Plaintiff argues that "Defendant's subpoena of Plaintiff's medical file is unnecessary," Pl.'s Mot. 3, is "overly broad and irrelevant" because it asks for a "certified copy of any or all documents." *Id.* at 2.  The subpoena does seek "any and all documents" for Plaintiff, but specifically "from January 1, 2015 through the present."  ECF No. 53-1.  As Defendant notes, this subpoena "is consistent with Plaintiff's executed HIPAA release which permits release of her medical records from 2015 – present."  Def.'s Resp. 3, ECF No. 55; Feb. 6. 2024 Order, ECF No. 36.

Third-party subpoenas pursuant to Rule 45 are "subject to Rule 26(b)(1)'s overriding relevance requirement."[1]  *In re Refco Secs. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. Feb. 14, 2011).  Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Defendant argues that it "should be permitted to uncover whether Plaintiff has received or taken other medical treatment containing gelatin or MRC-5," Def.'s Resp. 3, because Plaintiff alleged that her religious beliefs would be violated by taking a vaccine, which use gelatin and MRC-5.  *See* Compl. ¶¶ 37-38, ECF No. 1.  It is relevant whether Plaintiff has previously received vaccinations that use gelatin and MRC-5.  Furthermore, Plaintiff "has placed her . . . medical history at issue in this case."  *Coles v. City of Rochester*, No. 22 Civ. 6407, 2024 WL 1326296, at *3 (W.D.N.Y. Mar. 28, 2024) (collecting cases).

The Court agrees with Defendant that a subpoena to be served to her medical provider is relevant; however, any such subpoena must be limited to medical records relating to Plaintiff's vaccination history.

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

It is therefore **ORDERED** that Plaintiff's letter-motion to quash the subpoena to be served on Plaintiff's medical provider is **DENIED in part.** The subpoena shall be limited to Plaintiff's vaccination records from January 1, 2015 through the present.

The Clerk of Court is respectfully directed to close ECF Nos. 53 and 55.

SO ORDERED.

Dated: May 30, 2024
New York, New York

_____
DALE E. HO
United States District Judge