# DANNY GRACE PLLC
ATTORNEYS AND COUNSELORS AT LAW

Writer's email: yuting@dannygracepc.com
Writer Admitted in: New York, United States District Court for the Southern and Eastern Districts of New York, Chicago

225 BROADWAY, SUITE 1200
NEW YORK, NY 10007
212.202-2485
718-732-2821 FAX

Hon. Dale E. Ho
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Khjim Jennette v United Parcel Service, Inc., 1:22-cv-10783 - DEH*

Dear Judge Ho:

  We represent the Plaintiff, Khjim Jennette, in the above-referenced matter. We write to respectfully request a conference to address Plaintiff's anticipated motion to compel and for sanctions for Defendant's failure to comply with this Court's Order of May 2, 2024 (ECF No. 52) and your Honor's Individual Rules. In accordance with Section 4.k of your Honor's Individual Practices and Local Civil Rule 37.2., Plaintiff's Counsel is currently available for a conference from 1:00 p.m. to 5:00 p.m. on June 19, 2024, and generally available on June 20, 24, 2024.

  **A. Defendant's Failure to Comply with this Court's Order and Plaintiff's Efforts to Amicably Resolve the Matter**

  On May 2, 2024, this Court ordered Defendant to "produce all documents relating to UPS Capital Insurance Agency, UPS Capital, and UPS Parcel Pro concerning their current or former employees' requests for an accommodation, to be exempted from policies regarding the Covid-19 vaccine from August 11, 2021, to present" and produce "an affidavit explaining the relationship between Defendant United Parcel Service, Inc., UPS of America, UPS Capital Insurance Agency, UPS Capital, and UPS Parcel Pro." "Defendant's affidavit shall confirm Plaintiff's actual former employer". (ECF No. 52).

  On May 14, 2024, the undersigned emailed Defendant's counsel regarding the timeline for them to supplement their response per this Court's Order of May 2, 2024. Plaintiff also asked to schedule depositions for Defendant and fact witnesses, including, Mr. Florian Matias, Mr. Matthew Dumas, Mr. Ruben Nakamura, Mr. Manuel Valdez, Ms. Valerie White, Ms. Sophia Oglesby, and Mr. Mike Adcock. I specifically asked Defendant to clarify whether they would agree to produce Defendant and the aforementioned fact witnesses for a deposition, and if so, to please provide their availability. Conversely, if Defendant would not agree to produce the witnesses, to please provide the reason and that counsel for both sides should meet and confer. I did not receive a response to my email. Therefore, I followed-up on May 16, 2024.

  On May 17, 2024, Defendant supplemented their response, but it remains deficient. On the same date, the undersigned emailed Defendant's counsel and informed Defendant that their supplemental response failed to comply with this Court's order.

  Again, I did not receive a response, and thus the undersigned followed-up again and asked to meet and confer as to the Parties' discovery disputes. On May 21, 2024, the Parties met and conferred. On May 29, 2024, per Defendant's request, the undersigned emailed Defendant the details as to Defendant's deficiencies in their discovery response and their failure to comply with this Court's order of May 2, 2024.

Specifically, the undersigned expressed Defendant's deficiencies to Defendant that in Defendant's affidavit, Defendant failed to identify the following relationships:(1) Defendant and UPS Capital Insurance Agency, Inc.; (2) Defendant and UPS Parcel Pro, Inc.; (3) Defendant and UPS Capital ;(4) UPS Capital and UPS Parcel Pro. Inc. (5) UPS Capital and UPS Capital Insurance Agency, Inc.; (6) UPS Capital Insurance Agency, Inc. and UPS Parcel Pro, Inc.; (7) UPS of America, Inc. and UPS Capital. Please refer to **Exhibit 1** for Defendant's Affidavit of May 14, 2024.

For Defendant's documentary production, Defendant fails to certify that their production constitutes all the accommodation requests from current or former employees of UPS Capital Insurance Agency, UPS Capital, and UPS Parcel Pro, Inc. to be exempted from policies regarding the Covid-19 vaccine from August 11, 2021, to present. Defendant also fails to produce the relevant communications between those companies and their current or former employees regarding their requests for accommodations.

In response, on June 6, 2024, Defendant refused to provide any further documents and provided another affidavit without correcting their deficiencies per Plaintiff's request, but changing UPS Parcel Pro, Inc. a Delaware corporation to Parcel Pro, Inc. a California corporation. Please refer to **Exhibit 2**.

On June 6, 2024, the undersigned emailed Defendant's counsel to meet and confer for the discovery disputes. To date, the undersigned has not received a response from Defendant's counsel.

### B. Plaintiff's Request
### 1. Compel Defendant to Comply with this Court's Order of May 2, 2024, by June 26, 2024

Plaintiff respectfully requests that Defendant comply with this Court's Order of May 2, 2024, and to produce an affidavit to clarify the following relationships: (1) Defendant and UPS Capital Insurance Agency, Inc.; (2) Defendant and UPS Parcel Pro, Inc.; (3) Defendant and UPS Capital ;(4) UPS Capital and UPS Parcel Pro. Inc. (5) UPS Capital and UPS Capital Insurance Agency, Inc.; (6) UPS Capital Insurance Agency, Inc. and UPS Parcel Pro, Inc.; (7) UPS of America, Inc. and UPS Capital. Plaintiff is entitled to such information for four reasons: (1) they are related to UPS Capital Insurance Agency, Inc., (2) their employees were substantially involved in the decision to deny Plaintiff's request for an accommodation and in terminating Plaintiff, for details please refer to ECF No. 49; (3) Defendant admits that UPS Capital insurance Agency is Plaintiff's employer[1]; and (4) this issue has been fully addressed, and this Court ordered Defendant to produce an affidavit identifying the relationships among those companies..

Plaintiff's also respectfully requests that Defendant comply with this Court's order of May 2, 2024, by June24, 2024, and produce all the documents as to all communications regarding the current or former employees of UPS Capital Insurance Agency, UPS Capital, and UPS Parcel Pro, Inc. who sought to be exempted from policies regarding the Covid-19 vaccine from August 11, 2021, to present. Such a request is reasonable because these communications (emails, video meetings, phone calls) between employees, supervisors, managers, and the human resources department, are relevant to Plaintiff's case

Defendant's current production at most is Defendant's platform records. Such request is proportionate because the relevant companies as employers are required to conduct interactive processes in response to their employees' requests for accommodations and because the current action is a class action, where Plaintiff is entitled to discovery as to her anticipated motion for class action under Fed. R. Civ. P. Rule 23. Please refer to **Exhibit 3**, part of Defendant's production.

### 2. Order Depositions Dates

---

[1] UPS Capital is a distinct company from UPS Capital Insurance Agency. Defendant's employees listed UPS Parcel Pro as a UPS Capital company.

Plaintiff plans to schedule depositions and complete discovery by August 2, 2024, which is the deadline for the Parties to complete discovery and which cannot be extended absent a showing of extraordinary circumstances.

As stated above, the undersigned has requested the availability of the potential deponents since May 14, 2024, and I asked to meet and confer on June 6, 2024, to no avail. One month later, no depositions have been scheduled, and thus, Plaintiff respectfully requests that this Court order deposition dates for Defendant, Mr. Florian Matias, Mr. Matthew Dumas, Mr. Ruben Nakamura, Mr. Manuel Valdez, Ms. Valerie White, Ms. Sophia Oglesby, and Mr. Mike Adcock.

**3. Settlement Conference Before Magistrate Judge Netburn**

Per this Court's orders, (ECF Nos. 44, 45), the Parties shall appear for a settlement conference before Hon. Magistrate Judge Sarah Netburn. Judge Netburn advised the Parties that the settlement conferences must be scheduled at least six to eight weeks in advance. ECF No. 47. Per this Court's order of March 25, 2024, the undersigned reached out to the courtroom deputy to schedule a settlement conference, and on April 3, 2024, the courtroom deputy proposed certain available dates. On the same date, Defendant inquired about whether such an appearance could be virtual. After the undersigned stated her preference to have the mediation in person, the courtroom deputy advised Defendant if one party wants the conference in person, Defendant must file their request for a virtual conference on the docket after the settlement conference is scheduled.

On April 5, 2024, I followed-up on my request for Defendant to provide their availability for the settlement conference; the courtroom deputy also requested such availability. To date, Defendant has not responded to this request.

**4. Sanction**

Plaintiff also respectfully moves for sanctions of Defendant for its failure to comply this Court's Order of May 2, 2024, and repeatedly, intentionally violating Section 3.k.i. of your Honor's Individual Rules, which expressly provides that "[w]here a party raises a discovery dispute with the opposing party, the opposing party must make itself available to confer in good faith to resolve the dispute within two business days of a request for a conference." Marquez v. Hoffman, 2022 WL 4076016, at *14 (S.D.N.Y. Sept. 6, 2022) (collecting cases) (ruling that "[c]ourts regularly impose sanctions for failure to comply with a court's Individual Practices when compliance with those practices has been required by court order").

The undersigned asked to meet and confer on June 6, 2024, and six days later, Defendant has still not responded. Indeed, this is not the first time that Defendant has violated your Honor's Individual's Rules. Defendant routinely fails to respond to the undersigned's emails, which results in substantial delay and continues to delay the process of resolving this dispute. Please refer to ECF No. 32.

Thus, Defendant should be sanctioned or at the very least warned that if they continue their attempts to evade their discovery obligations and delay the progress of this case they will be sanctioned. *See*, Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) (finding that this court has "inherent powers… to manage their own affairs as to achieve the orderly and expeditious disposition of cases"); *see also*, In re. Goldstein, 430 F.3d 106, 110 (2d Cir. 2005) (ruling that this court has the power "to discipline attorneys who appear before it" and "to police the conduct of attorneys as officers of the court").

We are thankful for the Court's consideration.

Dated:   June 13, 2024

Respectfully,

        /s/_____

Yuting Li, Esq.
Danny Grace PLLC
225 Broadway, Suite 1200
New York, NY 10007
(212) 202-2485
*Attorneys for Plaintiff Khjim Jennette*

CC: Counsel of Record (by ECF)

Defendants shall file a letter, not to exceed three pages, in response by **June 18, 2024**.

The Clerk of Court is respectfully requested to close ECF No. 59.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: June 14, 2024
New York, New York

4