UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHJIM JENNETTE,<br><br>                      Plaintiff,<br><br>          v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>                      Defendant. | 22 Civ. 10783 (DEH)<br><br>**<u>ORDER</u>** |

DALE E. HO, United States District Judge:

      Plaintiff filed a letter requesting a conference for the Court to issue, among other things, an anticipated motion to compel and for sanctions for Defendant's alleged failure to comply with the Court's May 2, 2024 Order, *see* ECF No. 52. *See* Pl.'s Letter-Motion, ECF No. 59. Defendant filed a letter in response, in which Defendant objects to Plaintiff's characterizations, argues UPS has complied with the Court's orders, and requesting that the Court set remote deposition dates. *See* Def.'s Letter, ECF No. 61. Plaintiff filed another letter on June 18, 2024, "correct[ing] Defendant's inaccurate statements." *See* ECF No. 62.

      It is hereby **ORDERED** that Plaintiff's request for a conference is **DENIED**. The Court construes Plaintiff's letter as requesting an order compelling production of various documents and scheduling depositions, and a motion for sanctions. For the reasons stated below, Plaintiff's letter motion is **DENIED**.

      First, Plaintiff asks the Court to compel Defendant to produce documents as required by Court's May 2, 2024 Order. *See* ECF No. 52. The Court directed Defendant to "produce an affidavit explaining the relationship between Defendant United Parcel Service, Inc., UPS of America, UPS Capital Insurance Agency, UPS Capital, and UPS Parcel Pro. Defendant's affidavit shall confirm Plaintiff's actual former employer." *Id.* Defendant produced the May 17,

2024 and June 5, 2024 affidavits that provide Plaintiff with an explanation of each UPS entity listed.  *See* ECF Nos. 59-1, 59-2.  Furthermore, Defendant's productions, *see* ECF No. 59-3, also include accommodation information from its internal portal, which includes "communications related to those requests" and "the decisions made regarding those requests."  *See* ECF No. 61.  The Plaintiff's request for an order compelling production of the Court's May 2, 2024 Order is thus **DENIED** as moot.

Second, Plaintiff asks the Court to schedule depositions.  Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that a court on motion may order that a deposition be taken "by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).  "Holding a deposition by videoconference is 'frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.'"  *Alpha Cap. Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 179 (S.D.N.Y. 2017).  Here, Defendant notes they would prefer to take depositions remotely because they are "located in Cincinnati, Ohio, and remote depositions have become the 'new normal.'"  *See* ECF No. 61.  In turn, Plaintiff's letter-motion does not establish why there is a need for in-person depositions or how a remote deposition will prejudice her.  *See D'Arezzo v. Appel*, No. 22 Civ. 00177, 2024 WL 538538, at *1 (S.D.N.Y. Feb. 8, 2024).  Under Local Civil Rule 30.2, "[t]he motion of a party to take the deposition of an adverse party by telephone or other remote means will presumptively be granted."

Accordingly, it is hereby **ORDERED** that depositions shall be conducted remotely.  Plaintiff's request that the Court set a schedule for depositions is **DENIED**; the parties shall meet and confer in good faith to schedule remote depositions on dates mutually agreeable to counsel and the witness(es).

Third, Plaintiff also asks the Court to address settlement scheduling.  Defendant notes, "[a]gain, defense counsel is located in Cincinnati, Ohio and representatives with settlement authority are located in Atlanta, Georgia with travel restrictions due to budgetary confinements." *See* ECF No. 61.  All counsel shall promptly schedule a settlement conference and adhere to Magistrate Judge Netburn's procedures in requesting a virtual conference.  This Court's ruling shall not affect the scheduling and/or location of a settlement conference before Hon. Magistrate Judge Netburn.

Fourth, Plaintiff moves for sanctions, given Defendant's violations of this Court's Individual Rule 4(k)(ii) and its delayed email responses.  *See* ECF No. 59.  "Federal Rule of Civil Procedure 37 governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012).  Under Rule 37, "[j]ust as a district court has broad discretion to manage discovery, it likewise has wide discretion to impose sanctions for abusing that process." *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 545 (2d Cir. 2023) (internal citation omitted).  Here, Plaintiff's motion for sanctions under Rule 37 fails because it does not stem from Defendant's violation of any court order.  A district court may impose sanctions under Rule 37(b) for noncompliance with "a clearly articulated order of the court requiring specified discovery." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991).  Accordingly, Plaintiff's motion for sanctions is **DENIED**.

Finally, the parties have come before the Court with similar discovery disputes on multiple occasions.  *See, e.g.,* ECF Nos. 32, 34, 37, 39, 49, 51, 53, 55.  The parties are reminded that all discovery shall be completed by **August 2, 2024**.  *See* ECF No. 48.  The parties are apprised that in light of the procedural history of this case, further extensions of time will not be granted absent a showing of compelling circumstances and diligence in taking discovery.

3

SO ORDERED.

Dated: June 25, 2024
       New York, New York

                                        DALE E. HO
                               United States District Judge